UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

GURBHEJ SINGH, A-240-431-570,

Petitioner,

v.

WARDEN OF THE DESERT VIEW DETENTION FACILITY IN ADELANTO, CALIFORNIA, et al.,

Respondent.

No.  1:26-cv-4717 DC AC

ORDER

Petitioner, an immigration detainee proceeding through counsel, has filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241.

This case was initiated on February 24, 2026, in the United States District Court for the Central District of California, while petitioner was detained at the Desert View Facility in Adelanto, California.  ECF No. 1.  The petition was accompanied by a motion for a temporary restraining order (ECF No. 2), which was granted in part (ECF Nos. 8, 9).  Respondents were ordered to provide petitioner with a bond hearing within seven days, the parties were directed to file a joint status report on the outcome of the hearing, and respondents were ordered to respond to the petition.  Id.; ECF No. 10.  After the parties notified the court that petitioner had been denied bond (ECF No. 11), petitioner filed a first amended petition (ECF No. 12), to which respondents were directed to respond (ECF No. 14).  The petition was fully briefed on April 21,

1

2026.  ECF No. 18.

On June 12, 2026, petitioner moved to transfer this action from the Central District to this court under 28 U.S. § 1404(a), on the ground that petitioner had been transferred to a facility within the Eastern District's jurisdiction.  ECF No. 19.  Respondents responded that while jurisdiction remained proper in the Central District, they did not oppose the request to transfer venue.  ECF No. 21.  In light of the parties' consent, the motion to transfer was granted on June 18, 2026.  ECF No. 22.  The case was transferred to this district on June 22, 2026.  ECF No. 23.  That same day, respondents filed a notice that petitioner had been transferred back to the Desert View Facility on June 17, 2026 (ECF No. 26), meaning he is once again detained within the Central District's jurisdiction and was no longer detained within this court's jurisdiction at the time the motion to transfer was granted.  In light of petitioner's transfer, the undersigned ordered the parties to "show cause why this action should not be transferred back to the Central District and remain there."  ECF No. 27 (citing 15 Wright & Miller's Federal Practice & Procedure § 3846 (4th ed. 2026) ("retransfer is perfectly appropriate . . . on a showing of changed circumstances, particularly when such developments would frustrate the purpose of the change of venue."); Francis v. Rison, 894 F.2d 353, 354 (9th Cir. 1990) ("jurisdiction attaches on the initial filing for habeas corpus relief, and it is not destroyed by a transfer of the petitioner and the accompanying custodial change" (citation omitted))).  The time to respond has passed and neither party has responded.

Section 1404(a) provides that "[f]or the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought or to any district or division to which all parties have consented."  This case was not transferred because it could have been brought in this district, and was instead transferred on the consent of the parties.  However, the request to transfer this case was premised on petitioner having been transferred to a detention facility within this district and the purpose of the venue change has since been frustrated by petitioner's transfer back to the Desert View Facility.  In light of these changed circumstances, the fact that jurisdiction remained proper in the Central District even after petitioner was transferred, and the parties' failure to offer

2

any objection to the proposed transfer, the undersigned finds it appropriate to transfer this case back to the United States District Court for the Central District of California.  Costlow v. Weeks, 790 F.2d 1486, 1488 (9th Cir. 1986) (a district court may "transfer a case sua sponte under the doctrine of *forum non conveniens*, as codified at 28 U.S.C. § 1404(a), so long as the parties are first given the opportunity to present their views on the issue." (citations omitted)).

Accordingly, IT IS HEREBY ORDERED that this matter is transferred to the United States District Court for the Central District of California.

DATED: July 1, 2026

ALLISON CLAIRE
UNITED STATES MAGISTRATE JUDGE

3